UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARTIN,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.

Case No. 19-11174
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [5]**

Tina Martin, a Michigan state prisoner, is serving concurrent prison sentences of 15 to 30 years for armed robbery, Mich. Comp. Laws § 750.529, and 5 to 20 years for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84(1)(a). She challenges these convictions in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Martin concedes that her petition is not timely filed but seeks to proceed despite the late filing because she argues that she is actually innocent. Respondent Shawn Brewer, the warden, seeks to dismiss the petition because, he argues, Martin presents no new evidence to establish her actual innocence. The Court agrees and denies the petition as time-barred.

I.

Martin was convicted by a Calhoun County Circuit Court jury and sentenced on May 30, 2014. Martin filed an appeal of right in the Michigan Court of Appeals raising three claims. The Michigan Court of Appeals affirmed her convictions. *People v. Martin*, No. 322220, 2015 WL

6484906 (Mich. Ct. App. Oct. 27, 2015). The Michigan Supreme Court denied leave to appeal. *People v. Martin*, 880 N.W.2d 590 (Mich. 2016).

For nearly three years, Martin took no further court action to challenge her convictions until she filed the pending petition, which was signed on March 20, 2019, and docketed on April 22, 2019.

## II.

A one-year limitations period applies to all federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1). This limitations period runs "from the latest" of four dates: (1) the date on which the state-court judgment became final; (2) the date on which an impediment to filing for federal habeas relief caused by state action in violation of the Constitution or federal law is removed; (3) the date the Supreme Court recognized a new constitutional right made retroactive and applicable to collateral review; or (4) the date the prisoner discovered new facts that could not have been discovered previously. *Id.* Here, the relevant subsection is § 2244(d)(1)(A).

On direct review, the Michigan Supreme Court denied Martin's application for leave to appeal on June 28, 2016. Because Martin did not petition for a writ of certiorari with the United States Supreme Court, her conviction became final on September 26, 2016, when the 90-day time period for seeking certiorari expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (holding that the one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The limitations period commenced the following day, September 27, 2016, and continued to run, uninterrupted, until it expired one year later. *See id.* Martin dated her habeas petition on March 20,

2019, almost eighteen months after the limitations period expired on September 27, 2017. This is the basis of the Warden's motion to dismiss the petition. (ECF No. 5, PageID.59.)

Martin did not file a response to the motion to dismiss but addressed the timeliness issue in her petition. She concedes her petition is untimely but argues that the Court should excuse the untimeliness because she is actually innocent.

The Supreme Court has held that a showing of actual innocence overcomes the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But a valid claim of actual innocence requires a petitioner "to support … allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id*. (citation and internal quotation marks omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Martin's claim of actual innocence is based upon alleged trial errors rather than new evidence. She argues that had her trial "not been riddled with errors that were constitutional in nature, the jury may have, in all probability, would have, c[o]me to a different conclusion and allowed this Petitioner, an innocent defendant, to go free." (ECF No. 1, PageID.32.) But the actual-innocence exception requires "new reliable evidence." *Schlup*, 513 U.S. at 324. Martin's argument that errors in the trial proceedings swayed the jury to convict her is not new evidence. So the Court finds no basis for excusing her failure to comply with the statute of limitations.

For the reasons set forth, the Court GRANTS Brewer's motion (ECF No. 5) and DISMISSES Martin's petition for writ of habeas corpus (ECF No. 1). The Court also finds that no reasonable jurist would debate the Court's procedural ruling, or debate whether the petition states a "valid claim of the denial of a constitutional right," *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and thus, the Court DENIES a certificate of appealability. If Martin chooses to appeal, she may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: December 16, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 16, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson